Exhibit A

Blumberg Excelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

® **B104**—Summons without Notice, Blank Court.
Personal or Substituted Service, 12 pt. type, 4-94

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index No.  20717/03
Date purchased  12/30/03

Plaintiff(s) designate(s)
Westchester
County as the place of trial.

KONINKLKJKE PHILIPS ELECTRONICS, N.A.

The basis of the venue is
Contractual

*Plaintiff(s)*

against

**Summons**

APEX DIGITAL, INC.

Plaintiff(s) reside(s) at
345 Scarborough Road
Briarcliff Manor, NY    10510
County of Westchester

*Defendant(s)*

RECEIVED
DEC 3 0 2003
LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within   20   days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,    December 30, 2003

Sullivan & Cromwell LLP
Attorney(s) for Plaintiff
By:  Erica Smith-Klocek
Office and Post Office Address
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

Defendant's address:
2919 E. Philadelphia Street
Ontario, CA  91761

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF                          SS:   The undersigned, being duly sworn, deposes and says; deponent is not a

party herein, is over 18 years of age and resides at

That on                                       at              M., at

deponent served the within summons,                 on                                              defendant

**INDIVIDUAL**
**1.** ☐   by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as
said defendant therein.

**CORPORATION**
**2.** ☐   a                          corporation, by delivering thereat a true copy of each to
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and
knew said individual to be                                          thereof.

**SUITABLE AGE PERSON**
**3.** ☐   by delivering thereat a true copy of each to                                          a person of suitable age
and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state

**AFFIXING TO DOOR, ETC.**
**4.** ☐   by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling place—
usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age
and discretion thereat, having called there

**MAILING TO RESIDENCE**
**USE WITH 3 OR 4**
**5A.** ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed t
defendant at defendant's last known residence, at                                          and deposit
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS**
**USE WITH 3 OR 4**
**5B.** ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properl
addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State
The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return addre
or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION**
**USE WITH**
**1, 2, OR 3**
☐

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

Sworn to before me on                          Print name beneath signature. ....................................................

LICENSE NO. ....................................

Index No.

KONINKLIJKE PHILIPS ELECTRONICS, N.A.,

Plaintiff(s)

against

APEX DIGITAL, INC.,

Defendant(s)

**Summons**
ACTION NOT BASED UPON A
CONSUMER CREDIT TRANSACTION

Sullivan & Cromwell LLP
Attorney(s) for Plaintiff(s)

Office, Post Office Address and Tel. No.
125 Broad Street
New York, NY 10004
(212) 558-4000

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

DEC 3 0 2003

COUNTY OF WESTCHESTER

-------------------------------------------------------------x

KONINKLIJKE PHILIPS ELECTRONICS N.V.

Index No. 03 | 20717

                  Plaintiff,

**NOTICE OF MOTION
FOR SUMMARY
JUDGMENT IN LIEU
OF COMPLAINT**

    -against-

APEX DIGITAL, INC.

                  Defendant.

-------------------------------------------------------------x

        PLEASE TAKE NOTICE that upon the summons, dated December 30, 2003, the proof of service, the affirmation of Brian Wieghaus, dated December 30, 2003, including its exhibit, and the accompanying Memorandum of Law, Plaintiff Koninklijke Philips Electronics N.V. ("Philips"), will move this Court at the Westchester County Courthouse, 111 Martin Luther King Jr. Blvd., White Plains, New York, on February 13, 2004, at 9:30 A.M., or as soon thereafter as counsel can be heard, for an order pursuant to C.P.L.R. 3213 on the ground that this is an action based upon an instrument for the payment of money only and that no triable issue of fact exists, granting:

        (i) summary judgment to plaintiff in the amount of $3,782,412.85, plus interest from October 31, 2003 at the rate prescribed by statute,

        (ii) plaintiff's attorneys' fees, costs of this action, and all other costs and expenses incurred in connection with the enforcement of the debt, and

        (iii) such other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to C.P.L.R. 3213, all answering papers shall be served upon the undersigned at least ten days prior to the time set for the hearing of this motion.

Dated: December 30, 2003
New York, New York

*Garrard Beeney / Ew*
Garrard R. Beeney
Elizabeth Speidel
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
(212) 558-4000

Attorneys for Plaintiff
Koninklijke Philips Electronics N.V.

Of Counsel:

Edward D. Johnson
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303-3308
(650) 461-5600

INDEX NO.

---

SUPREME COURT
OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

KONINKLIJKE PHILIPS ELECTRONICS N.V.

Plaintiff,

-against-

APEX DIGITAL, INC.

Defendant.

---

NOTICE OF MOTION FOR SUMMARY JUDGMENT
IN LIEU OF COMPLAINT

---

SULLIVAN & CROMWELL LLP
125 BROAD STREET
NEW YORK, N.Y. 10004
(212) 558-4000

ATTORNEYS FOR

PLAINTIFF.

DEC 3 0 2003

LEON ............. ...
COUNTY CLERK
COUNTY OF WESTCHESTER

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------x

KONINKLIJKE PHILIPS ELECTRONICS N.V.

                      Plaintiff,

      -against-

APEX DIGITAL, INC.

                      Defendant.

-------------------------------------------------x

Index No. 03 - 20717

MEMORANDUM IN
SUPPORT OF MOTION
FOR SUMMARY
JUDGMENT IN LIEU
OF COMPLAINT

## PRELIMINARY STATEMENT

This memorandum is submitted on behalf of plaintiff, Koninklijke Philips

Electronics N.V. ("Philips"), in support of its motion for summary judgment in lieu of

complaint against defendant Apex Digital, Inc. ("Apex").

## THE FACTS

Philips has initiated this action against defendants to recover the principal

sum of $3,782,412.85 plus accrued and unpaid interest under a secured promissory note

(the "Note"). (See Affirmation of Brian Wieghaus, dated December 30, 2003

("Wieghaus Aff."), ¶ 3 and Exhibit A.) Under the terms of the Note, Philips also seeks

costs and expenses of this action, including reasonable attorneys' fees. (See Wieghaus

Aff., Exh. A at p. 2.)

On or about July 16, 2002, Apex made and delivered to Philips the Note,

in which Apex unconditionally and irrevocably promised to pay to Philips, for value

received, the principal sum of $5,043,412.85. (Wieghaus Aff., Exh. A at p.1.) The Note

was executed by Apex as a result of Apex's breaches of a settlement agreement with

Philips and Apex's failure to pay royalties that were due under the settlement agreement.
(Wieghaus Aff., ¶ 2.) The terms of the Note provided that payment was due on or before
October 31, 2003. (Wieghaus Aff., Exh. A at p.1.) On November 7, 2003, Philips
received a partial payment of $1,261,000.00. As of the date of this motion, Philips has
not received payment on the remainder of the Note. (Wieghaus Aff., ¶ 4.)

## ARGUMENT

Section 3213 of the Civil Practice Law and Rules Provides that "[w]hen an
action is based upon an instrument for the payment of money only . . . , the plaintiff may.
serve with the summons a notice of motion of summary judgment and the supporting
papers in lieu of a complaint." C.P.L.R. 3213 (McKinney 1992). This provision "is
intended to provide a speedy and effective means of securing a judgment on claims
presumptively meritorious." *Interman Indus. Prods., Ltd.* v. *R.S.M. Electron Power, Inc.*,
37 N.Y.2d 151, 154 (1975).

The present controversy fits precisely within the requirements of C.P.L.R.
3213. By the terms of the Note, Apex was required to pay Philips $5,043,412.85 on or
before October 31, 2003. It has failed to do so. As is plain from its terms, the Note
"requires the defendants to make certain payments and nothing else. As such it is an
instrument for the payment of money only." *Seaman-Andwall Corp.* v. *Wright Mach.
Corp.*, 31 A.D.2d 136, 137 (1st Dep't 1968), *aff'd*, 29 N.Y.2d 617 (1971). Proof of the
note and the defendants' failure to pay the balance as required entitles Philips to
judgment. *Boland* v. *Indah Kiat Fin. (IV) Mauritious Ltd.*, 291 A.D.2d 342, 343 (1st

Dep't 2002); *Diversified Inv. Corp.* v. *Diversifax, Inc.*, 239 A.D.2d 231, 233 (1st Dep't 1997); *Badische Bank* v. *Ronel Sys., Inc.*, 36 A.D.2d 763 (2d Dep't 1971).

  The promise to pay the Note was unconditional and absolute and Apex expressly waived "presentment, demand, protest, or other notice of any kind." (Wieghaus Aff., Exh. A at p. 2.) *Cf. O & M Gourmet Foods, Inc.* v. *Marino's 184 Foods, Inc.* 225 A.D.2d 340 (1st Dep't 1996) (affirming summary judgment in lieu of complaint for nonpayment of promissory note where parties "expressly waived 'presentment for payment, demand, notice of dishonor, protest and notice of protest'"). That the Note also provides for a security interest in certain collateral identified in the Note "does not alter its essential character as an instrument for the payment of money only." *Solanki* v. *Pandya*, 269 A.D.2d 189, 189 (1st Dep't 2000). Therefore, Philips has established that it is entitled to judgment under C.P.L.R. 3213, and there are no issues of fact that would preclude the Court from granting summary judgment.

  Under the terms of the Note, Philips is also entitled to reasonable attorney's fees and costs. (Wieghaus Aff., Exh. A at p. 2.) Further, the Note entitles Philips to interest on the sum awarded, computed from the earliest ascertainable date the cause of action existed (in this case, October 31, 2003) to the date of final judgment. C.P.L.R. 5001-5002 (McKinney 1992 & Supp. 2003). The interest shall be determined at a rate of nine per centum per annum. C.P.L.R. 5004 (McKinney 1992).

## CONCLUSION

For the foregoing reasons, Koninklijke Philips Electronics N.V.

respectfully requests that the Court grant its Motion for Summary Judgment in Lieu of

Complaint and grant such other and further relief as the Court may deem just and proper.

Dated: December 30, 2003
      New York, New York

                                        Garrard R. Beeney
                                        Elizabeth Speidel
                                        SULLIVAN & CROMWELL LLP
                                        125 Broad Street
                                          New York, New York 10004-2498
                                        (212) 558-4000

                                        Attorneys for Plaintiff
                                        Koninklijke Philips Electronics N.V.

Of Counsel:

Edward D. Johnson
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303-3308
(650) 461-5600

- 4 -

INDEX NO.

SUPREME COURT
OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

KONINKLIJKE PHILIPS ELECTRONICS N.V.

Plaintiff,

-against-

APEX DIGITAL, INC.

Defendant.

MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT IN LIEU
OF COMPLAINT

SULLIVAN & CROMWELL LLP
125 BROAD STREET
NEW YORK, N.Y. 10004
(212) 558-4000

ATTORNEYS FOR

PLAINTIFF.

Case 7:04-cv-01564-SCR Document 1-2 Filed 02/24/04 Page 12 of 22

RECEIVED

DEC 30 2003

LEON...
COUNTY O...
COUNTY OF W...

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------------x

KONINKLIJKE PHILIPS ELECTRONICS N.V.

                      Plaintiff,

    -against-

APEX DIGITAL, INC.

                    Defendant.

---------------------------------------------------------------x

Index No. 03-20717

**AFFIRMATION OF
BRIAN WIEGHAUS
IN SUPPORT OF
MOTION FOR
SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

        I, BRIAN J. WIEGHAUS, an attorney admitted to practice the Courts of the State of New York, submit this affidavit in support of Koninklijke Philips Electronics N.V.'s ("Philips") motion for summary judgment in lieu of complaint, and state:

        1.  I am Regional Manager, Optical Licensing – North America, Philips System Standards and Licensing, a division of an indirect wholly-owned subsidiary of Koninklijke Philips Electronics N.V. I make this affidavit on the basis of personal knowledge and my review of the relevant files maintained by Philips. I am the attorney who has primary responsibility over the Apex Digital, Inc. ("Apex") account and am knowledgeable about the facts surrounding this dispute.

        2.  On or about July 16, 2003, Apex made and delivered to Philips a promissory note (the "Note"), in which Apex assumed the obligations and covenants contained therein. The Note was executed by Apex as a result of Apex's breaches of a settlement agreement with Philips and Apex's failure to pay royalties that were due under the settlement agreement. A copy of the Note is attached as Exhibit A.

3.  Under the terms of the Note, payment in the amount of $5,043,412.85 was due on or before October 31, 2003.

4.  On November 7, 2003, Philips received a partial payment of $1,261,000.00 on the Note. As of the date of this affidavit, Philips has received no further payment on this Note.

Pursuant to CPLR 2106, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 30, 2003

Brian J. Wieghaus

2

**Exhibit A**

## SECURED PROMISSORY NOTE

July 16, 2003

$5,043,412.85

United Delta, Inc., and Apex Digital, Inc., each a California corporation, (jointly and severally "Obligor"), for value received, hereby unconditionally and irrevocably promises to pay to the order of Koninklijke Philips Electronics N.V. ("Philips"), at its offices in Briarcliff Manor, New York, in lawful money of the United States, without interest except as hereinafter provided, the principal sum of US $5,043,412.85 (Five Million Forty-Three Thousand Four Hundred and Twelve Dollars and Eighty-Five Cents), on or before October 31, 2003.

| Date Due | Payment Due |
|----------|-------------|
| October 31, 2003 | $5,043,412.85 |

All payments on this Note shall be payable without setoff, counterclaim or deduction of any kind whatsoever.

If this Note becomes due and payable on a Saturday, Sunday, or public or other banking holiday under the laws of the State of New York, the maturity thereof shall be extended to the next succeeding business day.

If any of the following events (each being herein referred to as an "Event of Default"), shall occur (i) the Obligor shall fail to pay any installment on this Note when due and such failure shall continue unremedied for five (5) days, (ii) the Obligor shall fail to pay any other amount owing hereunder and such failure shall continue unremedied for ten (10) days after written notice from Philips, or (iii) the Obligor shall make an assignment for the benefit of the creditors, or any order shall be entered relating to the Obligor under any bankruptcy, reorganization, dissolution, or liquidation law or statute of any jurisdiction, whether now or hereafter in effect, whereby Obligor becomes or is adjudicated insolvent or bankrupt, or the Obligor shall petition or apply to any tribunal for any receiver of or any trustee for it or any substantial part of its property; then in any such event Philips may declare all of the then unpaid installments on this Note and all other amounts owing hereunder to be immediately due and payable; provided, however, that upon the happening of any event specified in clause (iii) above, all unpaid installments on this Note and all other amounts owing hereunder shall become immediately due and payable without declaration or other notice to the Obligor.

As collateral security for the prompt and complete payment when due of principal, interest and other amounts from time to time payable hereunder, the Obligor hereby assigns, pledges, transfers and sets over to Philips a security interest in all of its right, title and interest in, to and under the following, whether now owned or hereafter acquired by the Obligor and wherever located (all of which hereinafter collectively called the "Collateral"):

    (i)    all Accounts of the Obligor;

    (ii)    all Inventory of the Obligor; and

    (iii)    all Proceeds of the foregoing and all accessions to, substitutions and replacements for, and rents, profits and products of the foregoing.

As used herein, the following terms shall have the following meanings:

"Account Debtor" shall mean any "account debtor", as such terms is defined in section 9-102(a)(3) of the UCC.

"Accounts" shall mean any "account", as such term is defined in section 9-102(a)(2) of the UCC, including all accounts receivable, book debts and other forms of obligations now owned or hereafter

received or acquired by or belonging or owing to the Obligor, whether arising out of goods sold or services rendered by the Obligor or from any other transaction (whether or not yet earned by performance on the part of the Obligor), now in existence or hereafter arising.

"Inventory" shall mean any "inventory", as such term is defined in section 9-102(a)(48) of the UCC.

"Proceeds" shall mean "proceeds", as such term is defined in section 9-102(a)(64) of the UCC, including the proceeds of any insurance, indemnity, warranty or guaranty with respect to any of the Collateral, and any other amounts from time to time paid or payable under or in connection with any of the Collateral.

"UCC" shall mean the Uniform Commercial Code as the same may from time to time be in effect in the State of New York; provided, however, in the event that, by reason of mandatory provisions of law, any or all of the attachment, perfection or priority of the security interest granted hereunder in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction for purposes of the provisions hereof relating to such attachment, perfection or priority and for purposes of definitions related to such provisions.

Philips may at any time notify any Account Debtors that the Accounts have been assigned to it and that payments shall be made directly to Philips. Upon the request of Philips, the Obligor will so notify such Account Debtors.

At any time and from time to time, upon the request of Philips, and at the sole expense of the Obligor, the Obligor will promptly execute and deliver any and all such further instruments and documents and take further action as Philips may reasonably deem necessary to obtain the full benefits of the rights and powers herein granted, including filing any financing or continuation statements under the UCC or any federal law with respect to the security interests granted hereby. The Obligor also hereby authorizes Philips to file financing statements and continuation statements without the signature of or other authentication by the Obligor to the extent permitted by applicable law.

If an Event of Default shall occur and be continuing, Philips may exercise, in addition to all other rights and remedies granted to it herein, all rights and remedies of a secured party under the UCC. Without limiting the generality of the foregoing, the Obligor expressly agrees that in any such event Philips, without demand or notice of any kind (except the notice specified below of time and place of public or private sale) to or upon the Obligor, may forthwith collect, receive and realize on the Collateral, or any part thereof, and/or may forthwith sell or otherwise dispose of and deliver said Collateral (or contract to do so), or any part thereof, in one or more parcels at public or private sale or sales, any exchange or broker's board or elsewhere at such prices as it may deem best, for cash or on credit or for future delivery. Philips shall apply the net proceeds of any such collection, recovery, receipt, realization or sale, first toward the payment of any reasonable costs and expenses incurred by Philips in enforcing this Note and in realizing on or protecting any Collateral, including, without limitation, the reasonable attorney's fees and expenses incurred by Philips (all of which costs and expenses are secured by the Collateral), and then to any amounts owing hereunder, and only after so applying such net proceeds and after the payment of any other amount required by any provision of law, including section 9-615 of the UCC, need Philips account for the surplus, if any, to the Obligor. The Obligor agrees that Philips need not give more than ten days' notice of the time and place of any public sale or of the time after which a private sale may take place and that such notice is reasonable notification of such matters. The Obligor shall remain liable for any deficiency if the proceeds of any sale or disposition of the Collateral are insufficient to pay all amounts to which Philips is entitled hereunder.

If Philips institutes any action for the enforcement or collection of this Note, the Obligor shall pay on demand all costs and expenses of such action including reasonable attorney's fees and costs.

The Obligor expressly waives any presentment, demand, protest, or other notice of any kind.

2

The obligation under this Note shall not be transferable by the Obligor without the written consent of Philips.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN WITH RESPECT TO THE SECURITY INTEREST GRANTED HEREUNDER, THIS NOTE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK, BOTH IN INTERPRETATION AND IN PERFORMANCE.

The Obligor hereby irrevocably submits to the jurisdiction of any state or federal court in the State of New York for the purpose of any suit, action, proceeding or judgment relating to or arising out of this Note. The Obligor hereby irrevocably consents to the jurisdiction of any such court in any such action and to the laying of venue in New York State. The Obligor hereby irrevocably waives, to the fullest extent permitted by applicable law, any objection to the laying of the venue of any such suit, action or proceeding brought in the aforesaid courts and hereby irrevocably waives any claim that any such suit or proceeding brought in any such court has been brought in an inconvenient forum. Notwithstanding the foregoing, nothing herein shall in any way affect the right of Philips to bring any action arising out of or relating to this Note in any competent court elsewhere having jurisdiction over the Obligor or its property.

Apex Digital, Inc.

By: _____
Jonathan H. Zimmerman

Title: Vice President of Licensing

Date: 1-16-2005

3

INDEX NO.

SUPREME COURT
OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

KONINKLIJKE PHILIPS ELECTRONICS N.V.

Plaintiff,

-against-

APEX DIGITAL, INC.

Defendant.

AFFIRMATION OF BRIAN WIEGHAUS IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT IN LIEU OF COMPLAINT

SULLIVAN & CROMWELL LLP
125 BROAD STREET
NEW YORK, N.Y. 10004
(212) 558-4000

ATTORNEYS FOR

PLAINTIFF.

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME _____ COURT, _____ WESTCHESTER _____ COUNTY

INDEX NO. 03/20717    DATE PURCHASED: _____

PLAINTIFF(S): KONINKLIJKE PHILIPS ELECTRONICS N.V.

DEFENDANT(S): APEX DIGITAL INC.

RECEIVED DEC 3 1 2003 CHIEF CLERK WESTCHESTER SUPREME AND COUNTY COURTS

FILED DEC 3 0 2003 COUNTY OF WESTCHESTER

**For Clerk Only**

IAS entry date 1/5/04

Judge Assigned KWR

RJI Date

Date issue joined: _____ Bill of particulars served (Y/N): [ ] Yes [X] No

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[x] Notice of motion (return date Feb.13, 2004 Relief sought summary judgment in lieu of complaint

[ ] Order to show cause (clerk enter return date: _____) Relief sought _____

[ ] Other ex parte application (specify: _____)

[ ] Notice of petition (return date: _____) Relief sought

[ ] Notice of medical or dental malpractice action (specify: _____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____)

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

**MATRIMONIAL**
[ ] Contested -CM
[ ] Uncontested -UM

**COMMERCIAL**
[x] Contract -CONT
[ ] Corporate -CORP
[ ] Insurance (where insurer is a party, except arbitration) -INS
[ ] UCC (including sales, negotiable instruments) -UCC
[ ] *Other Commercial -OC

**REAL PROPERTY**
[ ] Tax Certiorari -TAX
[ ] Foreclosure -FOR
[ ] Condemnation -COND
[ ] Landlord/Tenant -LT
[ ] *Other Real Property -ORP

**OTHER MATTERS**
[ ] * -OTH

**TORTS**
Malpractice
[ ] Medical/Podiatric -MM
[ ] Dental -DM
[ ] *Other Professional -OPM
[ ] Motor Vehicle -MV
[ ] *Products Liability -PL
[ ] Environmental -EN
[ ] Asbestos -ASB
[ ] Breast Implant -BI
[ ] *Other Negligence -OTN
[ ] *Other Tort (including intentional) -OT

**SPECIAL PROCEEDINGS**
[ ] Art. 75 (Arbitration) -ART75
[ ] Art. 77 (Trusts) -ART77
[ ] Art. 78 -ART78
[ ] Election Law -ELEC
[ ] Guardianship (MHL Art. 81) -GUARD81
[ ] *Other Mental Hygiene -MHG
[ ] *Other Special Proceeding -OSP

* If asterisk used, please specify.

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

YES NO
[ ] [X] Municipality:          YES NO
(Specify_____)   [ ] [X] Public Authority:
                              (Specify_____)

YES NO
[ ] [x] Does this action/proceeding seek equitable relief?
[ ] [x] Does this action/proceeding seek recovery for personal injury?
[ ] [x] Does this action/proceeding seek recovery for property damage?

**Pre-Note Time Frames:**
**(This applies to all cases except contested matrimonial and tax certiorari cases)**

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months    ☒ Standard: 9-12 months    ☐ Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served?         ☐ No    ☐ Yes, Date_____

Was a Notice of No Necessity filed?  ☐ No    ☐ Yes, Date_____

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Sullivan & Cromwell LLP | 125 Broad Street New York, NY 10004 | 212 558-4000 |
| ☐ | | | |

**ATTORNEY(S) FOR DEFENDANT(S):**

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES: (IF NONE, write "NONE" below)**

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:                _____
                      (SIGNATURE)
                      Erica Smith-Klocek
                      _____
                      (PRINT OR TYPE NAME)
                      Plaintiff Koninklijke Philips Electronics N.V.
                      _____
                      ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

\forms\rji2000.wpd

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|
| GERRARD R. BEENEY, ESQ.<br>SULLIVAN & CROMWELL<br>125 Broad Street<br>New York, New York 10004-2498 | (212) 558-4000 /<br>558-3585 | |
| ATTORNEY FOR (NAME): Plaintiff | | |
| Insert name of court and name of judicial district and branch court, if any:<br>SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF WESTCHESTER | | |
| Plaintiff :<br>KONINKLKJKE PHILIPS ELECTRONICS, N.A. | | |
| Defendant :<br>APEX DIGITAL | | |
| REFERENCE NO.:<br>10432510 | PROOF OF SERVICE | CASE NUMBER:<br>20717 / 03 |

At the time of service I was at least eighteen years of age and not a party to this action, and I served copies of the:

SUMMONS; NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT; AFFIRMATION OF BRIAN WIEGHAUS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT; REQUEST FOR JUDICIAL INTERVENTION

in the within action by personally delivering true copies thereof to the person served as follows:

Served : APEX DIGITAL, INC.

By serving : Karen Mu, Director Of Administration / Agent For Service Of Process

Address : ( Business ) APEX DIGITAL, INC.
2919 E. Philadelphia Street
Ontario, Ca 91761

Date of Service : January 28, 2004
Time of Service : 2:02PM

Person serving:
STANLEY SMITH

County Legal & Notary Service
255 N. Market Street, Suite 246
San Jose, California 95110
Telephone: (408) 295-2700
Registered in Santa Clara County
Registered California Process Server No.658
Professional Photocopier No.071

Fee for service:
Registered California process server.

(2) Registration no.: 2271
(3) County: LOS ANGELES
(4) Reg. Exp. Date:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 28, 2004                    Signature

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _SANTA CLARA_ } ss.

On _1-28-04_ , before me, _SARAH VADEN_ ,
    Date                                 Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _STANLEY SMITH_
                                          Name(s) of Signer(s)

☒ personally known to me
☐ proved to me on the basis of satisfactory
   evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**SARAH VADEN**
Commission # 1395614
Notary Public - California
Santa Clara County
My Comm. Expires Jan 24, 2007

Place Notary Seal Above

WITNESS my hand and official seal.

_Sarah Vaden_
Signature of Notary Public

───────────────── OPTIONAL ─────────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: _Proof of Service_

Document Date: _1-28-04_                        Number of Pages: _01_

Signer(s) Other Than Named Above: _None_

**Capacity(ies) Claimed by Signer**
Signer's Name: _Stanley Smith_
☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _Self_

| RIGHT THUMBPRINT OF SIGNER |
| --- |
| Top of thumb here |

© 1997 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827